

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA

vs.  CRIMINAL ACTION NO. 4:11CR-8-JHM

DAVID ALLEN THOMPSON  DEFENDANT

PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, David Allen Thompson, and his attorney, Scott C. Cox, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of 18 U.S.C. §§ 1470 and 2422(b).

2. Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 4 - 11 of the Superseding Indictment in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> Thompson owned an Acer laptop computer with a built-in web camera. He used the laptop computer – while connected to the Internet – to engage in online communications with other people. On the following dates, he used the computer connected to the Internet to knowingly transfer obscene matter to an individual in Murray, Kentucky (which is in the Western District of Kentucky):
> January 20, 2011;
> February 8, 2011;
> February 23, 2011;
> March 1, 2011; and
> March 23, 2011.

The obscene matter consisted of live streaming video of Thompson masturbating. The individual in Murray, Kentucky, had not attained the age of 16 years and Thompson knew she had not attained the age of 16 years. (Counts 4, 6, 8, 10, and 11).

Using a facility and means of interstate commerce, that is, wire communications over the Internet) as referenced above, specifically on January 20, 2011, February 8, 2011, and February 23, 2011, Thompson knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which a person may be charged with a criminal offense. (Counts 5, 7, and 9).

Specifically, on January 20, 2011, Thompson, being 21 years old or more, engaged in masturbation while using the Internet and communicating with a minor who he knew was less than 16 years old. The minor could see and hear Thompson masturbate - a violation of KRS § 510.110.

During the February 8, 2011, online communication, Thompson induced a minor to engage in a sexual performance for him to view over the web camera. He encouraged the minor to get naked and show herself to him and another person over the Internet. If carried out, that activity would have been a violation of KRS §§ 17.500(3)(a); 531.300 and 531.310. He also, being 21 years old or more, engaged in masturbation while using the Internet and communicating with a minor who he knew was less than 16 years old. The minor could see and hear Thompson masturbate - a violation of KRS § 510.110.

During the February 23, 2011, online communication, Thompson, being 21 years old or more, engaged in masturbation while using the Internet and communicating with a minor who he knew was less than 16 years old. The minor could see and hear Thompson masturbate - a violation of KRS § 510.110. Thompson also induced the minor to engage in a sexual performance for him to view over the web camera. He encouraged the minor to get naked and show herself to him while he engaged in the same behavior for her. If carried out, that activity would have been a violation of KRS §§ 17.500(3)(a); 531.300 and 531.310.

4.  Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years, a combined maximum term of imprisonment of life, a combined maximum fine of $2,000,000.00, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Superseding Indictment counts to which he pleads guilty.

8.  Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters are left to be addressed at sentencing.

9.  Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $800.00 to the United States District Court Clerk's Office **by** the date of sentencing.

10. At the time of sentencing, the United States will

    -agree that a sentence of 10 years in prison is the appropriate disposition of this case.

    -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing based upon a determination of defendant's ability to pay – as set out in the presentence investigation report.[1]

11. Defendant acknowledges that he is the sole owner of the Acer laptop seized by law enforcement pursuant to his consent on May 13, 2011. The defendant agrees to abandon his interest in that item and the materials contained therein.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise. Defendant

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Superseding Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

4

understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et.seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

14. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto. Defendant will be allowed to withdraw the pleas of guilty. The United States will be relieved of its obligations under this Agreement regarding arguments for sentencing and may seek any sentence supported by the laws and the facts.

19. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

20. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_____  March 20, 2012
Jo E. Lawless                   Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____  20 MARCH 12
David Allen Thompson            Date
Defendant

7

     I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

*/s/ Scott C. Cox*                            20 March 12
Scott C. Cox                                  Date
Counsel for Defendant

DJH:JEL:120319